# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| GARY J. MITCHELL,<br><br>             Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK NATIONAL ASSOCIATION (INC) dba WELLS FARGO DEALER SERVICES<br><br>             Defendants. | Case No. 1:24-cv-1909<br><br>JUDGE STEVE C. JONES<br><br>MAGISTRATE JUDGE CHRISTOPHER C. BLY |

## WELLS FARGO BANK, N.A.'S RESPONSE IN OPPOSITION OF PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES

Defendant Wells Fargo Bank, N.A., (named in the Complaint as Wells Fargo Bank National Association (Inc) dba Wells Fargo Dealer Services, and hereinafter "Wells Fargo"), by and through its undersigned counsel, hereby submits its Response in Opposition of Plaintiff's Motion to Strike Affirmative Defenses. In support thereof, Wells Fargo states as follows:

## INTRODUCTION

This suit arises from alleged violations of the Fair Credit Reporting Act related to a loan Plaintiff obtained from Wells Fargo, which he admittedly defaulted on resulting in the account being charged off. *See* Dkt. 1 at ¶ 1, 11, 16. In response to Plaintiff's Complaint, Wells Fargo asserted thirteen defenses:

1

(1)   Plaintiff failed to state a claim;

(2)   Plaintiff's claims are barred, in whole or in part, by documentary evidence;

(3)   Wells Fargo complied in good faith with all applicable laws;

(4)   Plaintiff's purported damages were the result of acts or omissions of third parties over whom Wells Fargo had neither control nor responsibility;

(5)   Plaintiff's purported damages were the direct and proximate result of the conduct of Plaintiff or others;

(6)   Plaintiff's claims are barred or reduced by his failure to mitigate damages;

(7)   Plaintiff's claims are barred, in whole or in part, by setoff, accord, and/or satisfaction;

(8)   Plaintiff's claims are barred, in whole or in part, by waiver, release, laches, unclean hands, and/or estoppel and/or by an arbitration agreement;

(9)   Plaintiff's damages result from Plaintiff's own acts and/or omissions;

(10)   Plaintiff's claims are barred in part by a valid and binding arbitration clause;

(11)   Plaintiff's claims are barred by statutes of limitation/response;

(12) Plaintiff lacks standing; and

(13) Wells Fargo reserves the right to assert additional defenses as warranted by discovery and the factual developments in this case.

Each of these defenses is proper, adequately pled, and does not prejudice the Plaintiff, and Plaintiff's Motion to Strike does not aver otherwise. Instead, Plaintiff's motion is an attempt to deny each defense by raising factual disputes or legal challenges, which is not an appropriate procedural option at this stage of the litigation. As such, the Court should deny Plaintiff's Motion to Strike.

## **LEGAL STANDARD**

Under Rule 12(f) of the Federal Rules of Civil Procedure, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." However, "motions to strike affirmative defenses, are 'generally disfavored'". *Crayton v. LVNV Funding, LLC*, No. 1:23-cv-4473-SEG-CMS, 2024 U.S. Dist. LEXIS 3682, at *4 (N.D. Ga. Jan. 8, 2024) (quoting *Luxottica Grp., S.P.A. v. Airport Mini Mall, LLC*, 186 F.Supp.3d 1370, 1374 (N.D. Ga. 2016)). "Striking a pleading is a drastic remedy that courts should use sparingly and only when required for the purposes of justice." *United States v. Zak*, No. 1:18-cv-05774-AT, 2020 U.S. Dist. LEXIS 259032, *3 (N.D. Ga. July 16, 2020) (internal quotations omitted); *see also Mathis v. Velsicol Chemical Corp.*, 786 F.Supp. 971, 974-75 (N.D. Ga. 1991) (A "[m]atter will not be striken from a pleading

unless it is clear that it can have no possible bearing upon the subject matter of the litigation. If there is any doubt as to whether under any contingency the matter may raise an issue the motion should be denied.").

"An affirmative defense should only be stricken when it is (1) patently frivolous, or (2) clearly invalid as a matter of law." *Zak*, 2020 U.S. Dist. LEXIS 259032 at *4; *see also Luxottica Grp., S.P.A.*, 186 F.Supp.3d at 1375. Additionally, an affirmative defense must give plaintiff "fair notice of the nature and grounds on which the defense rests, as well as a fair opportunity to respond, undertake discovery and prepare for trial." *Crayton*, 2024 U.S. Dist. LEXIS 3682, at *6. Importantly, affirmative defenses are not required to state facts with specificity. *Id.; see also Kinfe v. Canon Bus. Process Servs., Inc.*, No. 1:18-cv-04351-TWT-AJB, 2013 U.S. Dist. LEXIS 209102, at *10 (N.D. Ga. July 9, 2019) ("A party is not required to make a 'plausibility' showing to successfully assert an affirmative defense; notice of the nature of the defense is sufficient." (internal quotation omitted)); *Floyd v. SunTrust Banks, Inc.*, No. 1:10-cv-2620-RWS, 2011 U.S. Dist. LEXIS 65190 at *21-22 (N.D. Ga. June 13, 2011) ("Unlike plaintiffs, defendants do not have the luxury of prefiling investigation. Requiring factual pleadings of affirmative defenses is likely to accomplish little more than encouraging a flurry of motions to strike affirmative defenses." (internal quotations omitted)). Further, courts have held that "Rule 8 establishes a very low standard for adequately pleading affirmative defenses". *FDIC*

*v. Stovall*, No. 2:14-cv-00029-WCO, 2014 U.S. Dist. LEXIS 183100, at *9 (N.D. Ga. Oct. 20, 2014).

## ARGUMENT

### A. Wells Fargo's Affirmative Defenses Are Adequately Pled

Plaintiff's Motion does not articulate any legal basis for striking Wells Fargo's affirmative defenses, but rather attempts to deny each defense. However, "a motion to strike is not the proper vehicle for resolving disputed issues of fact, or for deciding 'substantial questions of law.'" *Krush Communs., LLC v. Lunex Telecom, Inc.*, No. 1:13-cv-3167-SCJ, 2014 U.S. Dist. LEXIS 189254, at *9-10 (N.D. Ga. Sept. 12, 2014) (quoting *Resolution Trust Corp. v. Youngblood*, 807 F. Supp. 765, 769 (N.D. Ga. 1992)). Plaintiff's objections to each of Wells Fargo's defenses hinge on disputed issues of fact or questions of law, which is not an appropriate basis for striking the defenses.

Moreover, the U.S. Supreme Court has made clear that the party asserting the claim need not affirmatively prove their allegations at the pleading stage but must only "raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). An affirmative defense "is sufficient so long as it 'puts into issue relevant and substantial legal and factual issues.'" *FDIC v. Jampol, Schleicher, Jacob & Papdakis, LLC*, No. 1:10-cv-

3382-RLV, 2011 U.S. Dist. LEXIS 156843, *4 (N.D. Ga. May 12, 2011) (quoting *Reyher v. Transworld Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Ga. 1995)).

Each of Wells Fargo's thirteen defenses are stated in short and plain terms in compliance with Federal Rule of Civil Procedure Rule 8(a) and adequately put Plaintiff on notice of its defenses. Indeed, Plaintiff's objections to Wells Fargo's defenses demonstrate his understanding of Wells Fargo's defenses and the relevance to the issues raised in the Complaint. *See* Dkt. 8. For example, in opposition to Wells Fargo's second affirmative defense that Plaintiff's claims are barred in whole or in part by documentary evidence, Plaintiff acknowledges the relevance of this defense stating that he "will produce further documentary evidence during the discovery phase which will further prove his case that the defendant failed to have proper policies and procedures in place . . . ." *Id.* at ¶ 2. Similarly, in opposition to Wells Fargo's third affirmative defense asserting good faith compliance with applicable laws, Plaintiff acknowledges the relevance of this defense by arguing that he "has provided sufficient evidence of Defendant's non-compliance and bad faith actions in the Complaint." *Id.* at ¶ 3.

Courts have routinely denied motions to strike similar affirmative defenses, and this court should do the same. *See Kinfe,* 2013 U.S. Dist. LEXIS 209102, at *12 (declining to strike arbitration affirmative defense); *Frazier v. N. Star Capital Acquisition, LLC*, No. 1:10-cv-3786-JOF-LTW, 2011 U.S. Dist. LEXIS 167849, at

*11 (declining to strike failure to state a claim and statute of limitations defenses); *Crayton*, 2024 U.S. Dist. LEXIS 3682, at *1-2 (declining to strike defenses related to damages based on Plaintiff's own conduct, damages as the result of the acts or omissions of third parties, failure to mitigate damages, and setoff).[1]

Plaintiff is clearly on notice of Wells Fargo's defenses and has a fair opportunity to respond. Moreover, Plaintiff has not demonstrated (and cannot demonstrate) that it would be prejudiced by the inclusion of Wells Fargo's defenses. "[M]options to strike are rarely granted absent a showing of prejudice". *Stephens v. Trust for Pub. Land*, 479 F.Supp. 2d 1341, 1346 (N.D. Ga. 2007). Plaintiff has failed to show how he would suffer prejudice from delay or unnecessary expense due to the challenged defenses. In fact, it is Plaintiff's Motion to Strike which is an unnecessary procedural barrier to the disposition of this case on the merits, improperly seeking to resolve disputed issues of fact and decide questions of law.

---

[1] Even in the case of defenses that are "not truly an affirmative defense," courts have held that "the proper remedy is not to strike the claim, but instead to treat the claim as a specific denial." *Bailey v. S. Therapy Servs., Inc.*, No. 1:20-cv-02445-SDG, 2020 U.S. Dist. LEXIS 267849, *4 (N.D. Ga. Nov. 9, 2020) (internal quotations omitted) ("When such a defense 'is merely raised in the responsive pleading it is typically ignored as a harmless nullity . . . .'" (quoting *Luxottica*, 186 F. Supp. 3d at 1375)).

## **CONCLUSION**

For all of the foregoing reasons, Wells Fargo respectfully requests that the Court deny Plaintiff's Motion to Strike Affirmative Defenses in its entirety.

Respectfully submitted, this 5th day of July, 2024.

        **WELLS FARGO BANK, N.A.**

        */s/ Mark J. Windham*
        Mark J. Windham
        Georgia Bar No. 113194
        Christine Emello
        Georgia Bar No. 151598
        TROUTMAN PEPPER
        HAMILTON SANDERS LLP
        600 Peachtree Street, NE, Suite 3000
        Atlanta, Georgia 30308-2216
        Telephone: (404) 885-3917
        Facsimile: (404) 885-3900
        E-Mail: mark.windham@troutman.com
        E-Mail: christine.emello@troutman.com
        *Counsel for Wells Fargo Bank, N.A.*

## **LOCAL RULE 7.1 CERTIFICATE OF COMPLIANCE**

I certify that I prepared this document in 14-point Times New Roman font and complied with the margin and type requirements of this Court.

This 5th day of July, 2024.

*/s/ Mark J. Windham*
Mark J. Windham
Georgia Bar No. 113194