# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| GARY J. MITCHELL,<br><br>        Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK NATIONAL ASSOCIATION (INC) dba WELLS FARGO DEALER SERVICES<br><br>        Defendants. | Case No. 1:24-cv-1909<br><br>JUDGE STEVE C. JONES<br><br>MAGISTRATE JUDGE CHRISTOPHER C. BLY |

## JOINT PRELIMINARY REPORT AND DISCOVERY

**1.   Description of Case:**

(a)   Describe briefly the nature of this action.

**Wells Fargo:  Wells Fargo denies that it violated the FCRA in any way and that Plaintiff is entitled to any relief from Wells Fargo.**

(b)   Summarize, in the space provided below, the facts of this case.  The summary should not be argumentative nor recite evidence.

**Wells Fargo:  This is an action for damages brought by an individual consumer against Wells Fargo for alleged violations of the FCRA.  As discovery is ongoing, Wells Fargo is unable to provide a complete factual background of this case as it relates to Plaintiff.  Upon information and belief, Wells Fargo has accurately furnished information related to Plaintiff's Wells Fargo account to the credit**

bureaus. Further, upon information and belief, Wells Fargo properly investigated Plaintiff's dispute as required by the Fair Credit Reporting Act and timely provided the results of its investigation to the credit bureaus. At all relevant times, Wells Fargo maintained and followed reasonable procedures to avoid violations of FCRA. Wells Fargo has not acted with malice, negligent, willful, or reckless intent to harm Plaintiff. Wells Fargo denies that any alleged damaged suffered by Plaintiff was caused by Wells Fargo.

(c) The legal issues to be tried are as follows:

**Wells Fargo:**

i. Whether Wells Fargo furnished inaccurate information to the credit bureaus;

ii. Whether Plaintiff notified the credit bureaus of a dispute;

iii. Whether the credit bureaus notified Wells Fargo of Plaintiff's dispute;

iv. Whether Wells Fargo's investigation of Plaintiff's dispute was reasonable;

v. Whether Plaintiff has established a claim against Fargo for negligent noncompliance with the FCRA;

vi. Whether Plaintiff has established a claim against Wells Fargo for willful noncompliance with the FCRA; and

vii. Whether Plaintiff suffered any damage as a result of any actions or inactions of Wells Fargo.

(d) The cases listed below (include both style and action number) are:

(1) Pending Related Cases:
   None.
(2) Previously Adjudicated Related Cases:
   None.

**2.    This case is complex because it possesses one or more of the features listed below (please check):**

|             | (1)  | Unusually large number of parties |
|-------------|------|-----------------------------------|
| _____  | (2)  | Unusually large number of claims or defenses |
| _____  | (3)  | Factual issues are exceptionally complex |
| _____  | (4)  | Greater than normal volume of evidence |
| _____  | (5)  | Extended discovery period is needed |
| _____  | (6)  | Problems locating or preserving evidence |
| _____  | (7)  | Pending parallel investigations or action by government |
| _____  | (8)  | Multiple use of experts |
| _____  | (9)  | Need for discovery outside United States boundaries |
| _____  | (10) | Existence of highly technical issues and proof |
| _____  | (11) | Unusually complex discovery of electronically stored information |

**3.    Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

**Plaintiff (pro se):  Gary J. Mitchell**

**Defendant:  Christine R. Emello**

> **Georgia Bar No. 151598**
>
> **Mark J. Windham**
>
> **Georgia Bar No. 113194**
>
> **TROUTMAN PEPPER HAMILTON SANDERS LLP**
>
> **600 Peachtree Street, NE, Suite 3000**
>
> **Atlanta, Georgia 30308-2216**
>
> **Telephone: (404) 885-3917**
>
> **Facsimile: (404) 885-3900**
>
> [Christine.emello@troutman.com](mailto:Christine.emello@troutman.com)
>
> [Mark.windham@troutman.com](mailto:Mark.windham@troutman.com)

**4.	Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

____ Yes                    __**X**__ No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5.	Parties to This Action:**

(a)	The following persons are necessary parties who have not been joined:

**None known.**

(b)	The following persons are improperly joined as parties:

**None known.**

(c)	The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

**None known.**

(d)	The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.	Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a)	List separately any amendments to the pleadings that the parties anticipate will be necessary:

**At this time, Wells Fargo does not anticipate any additional amendments to the pleadings, but all parties reserve the right to supplement this response and to amend pleadings as permitted by the**

**Federal Rules of Civil Procedure, this Court's Local Rules, and any applicable law.**

(b)     Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.     Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions*: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony*: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.     Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

**9.     Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

**Wells Fargo does not request a scheduling conference with the Court at this time.**

**10. Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

**Wells Fargo: Wells Fargo anticipates discovery on (1) the facts and circumstances surrounding the allegations in the Complaint; (2) communications between Plaintiff and Defendant; (3) Plaintiff's alleged damages; (4) the causal relationship between Plaintiff's alleged damages and Wells Fargo's investigation of Plaintiff's dispute(s); (5) Plaintiff's financial and consumer history; and (6) any other issues raised by the pleadings or discovery.**

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

**Based on the calculated discovery end date of November 11, 2024, Wells Fargo does not believe additional time will be necessary at this time.**

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

     (a)    What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

     (b)    Is any party seeking discovery of electronically stored information?

       __**X**__ Yes                              ____ No

If "yes,"

     (1)    The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

> **Wells Fargo does not foresee any problems with disclosure or discovery of electronically stored information ("ESI"); however, it will reserve the issues of ESI disclosure and discovery after the Initial Disclosures have taken place.**

     (2)    The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

> **Wells Fargo will agree to the production of documents and relevant information in PDF format.  Additionally Wells Fargo will agree to the service of documents, pleadings, and any other information via electronic means.**

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12.**    **Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

**Wells Fargo anticipates submitting a joint proposed protective order governing the confidentiality of documents the parties anticipate producing in the action.**

**13.    Settlement Potential:**

(a)    Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on June 28, 2024, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

**Plaintiff (pro se): Gary Mitchell**

**Defendant, Wells Fargo: Christine Emello**

(b)    All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(  ___  ) A possibility of settlement before discovery.
(  _X_  ) A possibility of settlement after discovery.
(  ___  ) A possibility of settlement, but a conference with the judge is needed.
(  ___  ) No possibility of settlement.

(c)    Counsel (_X_) do or (__) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is _____, 2024.

**None as the Parties agree to continue to work together to come to a mutually agreeable resolution of this matter if possible.**

(d)    The following specific problems have created a hindrance to settlement of this case.

**None. Wells Fargo will continue to work together with plaintiff to come to a mutually agreeable resolution of this matter if possible.**

**14.    Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)  The parties (__) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day of _____, 2024.

(b)  The parties (_**X**_) do not consent to having this case tried before a magistrate judge of this Court.

> */s/ Christine R. Emello*
> Mark J. Windham
> Georgia Bar No. 113194
> Christine R. Emello
> Georgia Bar No. 15198
> TROUTMAN PEPPER
> HAMILTON SANDERS LLP
> 600 Peachtree Street, NE, Suite 3000
> Atlanta, Georgia 30308-2216
> Telephone:  (404) 885-3917
> Facsimile:   (404) 885-3900
> E-Mail:  mark.windham@troutman.com
>              christine.emello@troutman.com
> **Counsel for Defendant Wells Fargo Bank, N.A.**

\* \* \* \* \* \* \* \* \* \* \* \*

# SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

_____

_____

IT IS SO ORDERED, this _____ day of _____, 20<u>24</u>.

_____
UNITED STATES DISTRICT JUDGE

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 26, 2024, I caused a true and correct copy of the foregoing document to be sent to Plaintiff, Gary J. Mitchell, via U.S. Mail at the following address: 1647 Watersprings Way, Dacula, Georgia 30019.

*/s/ Christine R. Emello*
Christine R. Emello